UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER ESPINOZA,

        Plaintiff,

v.

APPLE METRO INC.; FRANK P. VENICE,

        Defendants.

Case No. 17-CV-04151-WFK-LB

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**
Date of Service: January 12, 2018

**LITTLER MENDELSON, P.C.**
Craig R. Benson
Christine L. Hogan
Daniella Adler
900 Third Avenue
New York, NY 10022
(212) 583-9600

Attorneys for Defendants

## **TABLE OF CONTENTS**

                                                                                           **PAGE**

I.     PROCEDURAL BACKGROUND AND ALLEGATIONS ............................................. 1

II.    LEGAL STANDARD.................................................................................................... 2

III.   ARGUMENT ................................................................................................................. 3

          A.     Plaintiff's Amended Complaint Must be Dismissed In Its Entirety Because Plaintiff Has Not Alleged Sufficient Facts to State a Claim of Age Discrimination Pursuant to the ADEA ................................................................... 3

          B.     Plaintiff's Amended Complaint Does Not State a Claim Against Defendant Frank Venice Because There Is No Individual Liability Under the ADEA .......... 5

IV.   CONCLUSION .............................................................................................................. 5

i.

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................... 2

*Bohnet v. Valley Stream Union Free Sch. Dist. 13*,
  30 F. Supp. 3d 174 (E.D.N.Y. 2014), *aff'd,* 594 F. App'x 53 (2d Cir. 2015) .......................... 5

*Coleman v. brokersXpress, LLC*,
  2009 WL 275474 (S.D.N.Y. Feb. 4, 2009), *aff'd*, 375 F. App'x 136 (2d Cir.
  2010) ....................................................................................................................................... 4

*Deadwiley v. NYS Office of Children & Family Servs.*,
  2013 WL 1653389 (E.D.N.Y. Apr. 16, 2013) (Kuntz, J.) ....................................................... 3

*Giraud v. Bd. of Educ., Newburgh Enlarged City Sch. Dist.*,
  2013 WL 3776242 (S.D.N.Y. July 17, 2013) ......................................................................... 2

*Harris v. Mills*,
  572 F.3d 66 (2d Cir. 2009) ..................................................................................................... 2

*Iqbal, Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................................................... 2

*Littlejohn v. City of New York*,
  795 F.3d 297 (2d Cir. 2015) ................................................................................................... 3

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973) ............................................................................................................... 3

*McMahon v. Napolitano*,
  2013 WL 1410382 (E.D.N.Y. Apr. 8, 2013) .......................................................................... 5

*Mitchell v. Project Renewal*,
  2010 WL 481348 (S.D.N.Y. Feb. 1, 2010) ............................................................................ 3

*Rooney v. WHM LLC*,
  No. 16 CIV. 9960 (DAB), 2017 WL 3482066 (S.D.N.Y. Aug. 4, 2017) ............................... 4

*Shallow v. Scofield*,
  2012 WL 4327388 (S.D.N.Y. Sept. 21, 2012) ....................................................................... 2

*Simpson v. MTA/New York City Transit Auth.*,
  2016 WL 8711077 (E.D.N.Y. Aug. 26, 2016) .................................................................... 3, 5

*Soloviev v. Goldstein*,
  104 F. Supp. 3d 232 (E.D.N.Y. 2015) (Kuntz, J.) ....................................................................4

*Sommersett v. City of New York*,
  No. 09 Civ. 5916 (LTS), 2011 WL 2565301 (S.D.N.Y. June 28, 2011) ..................................3

*Vega v. Hempstead Union Free Sch. Dist.*,
  801 F.3d 72 (2d Cir. 2015)......................................................................................................3

*Williams v. Addie Mae Collins Cmty. Serv.*,
  2012 WL 4471544 (S.D.N.Y. Sept. 27, 2012).........................................................................2

**STATUTES**

Age Discrimination in Employment Act of 1967, 29 U.S.C. **§§** 621 to 634 .......................1, 3, 4, 5

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure Rule 12(b)(6) .......................................................................1, 2, 5

Defendants Apple-Metro, Inc. and Frank P. Venice (collectively, "Defendants") submit this Memorandum of Law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in support of their Motion to Dismiss Plaintiff Peter Espinoza's July 26, 2017 Amended Complaint ("Amended Complaint").

**I.     PROCEDURAL BACKGROUND AND ALLEGATIONS**

On July 12, 2017, Plaintiff filed an initial Complaint ("Complaint") in this Court asserting a claim of discrimination based on age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"). Plaintiff's allegations are as follows:

(1) He is 75 years old,

(2) his manager terminated his employment "without a proper explanation of any indications of my inability to do my job,"

(3) he believed that his manager did not explain the reason for his termination "because he could not mention the fact that my age was the main reason I was fired," and

(4) his manager "never complained about my performance during my employment."

(Compl., ECF No. 1, at 5).

On August 24, 2017, this Court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), providing Plaintiff with leave to replead. (Order Granting Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 4, at 6). In its decision, the Court held that the allegations in the complaint, made "without further elaboration, that [Plaintiff] was born in 1941 and is more than forty years of age, and that he believes that his employment was terminated based on his age," were insufficient to state a claim. *(Id.* at 4).

On July 26, 2017, Plaintiff filed an Amended Complaint containing the same exact allegations as above, almost verbatim. (*See* Am. Compl., ECF No. 5, at 5). On October 4, 2017,

1

Defendants filed a pre-motion letter requesting that the Court allow them to make a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). At the pre-motion conference on November 20, 2017, the Court permitted Defendants to file this motion.

Because Plaintiff fails to allege sufficient facts to support his conclusory allegations of age discrimination, the Amended Complaint should be dismissed as a matter of law, with prejudice, for failure to state a claim upon which relief may be granted.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief may be granted. Under federal pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must contain sufficient factual allegations which, if accepted as true, state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1940, (2009)).

Employment discrimination cases are not treated any differently under Rule 12(b)(6). "[A]t a minimum, employment discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*." *Giraud v. Bd. of Educ., Newburgh Enlarged City Sch. Dist.*, 2013 WL 3776242, at *5 (S.D.N.Y. July 17, 2013). This standard applies to *pro se* plaintiffs as well. *See Shallow v. Scofield*, 2012 WL 4327388, at *4 (S.D.N.Y. Sept. 21, 2012) ("[T]o survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face.") (citation and internal quotation marks omitted); *Williams v. Addie Mae Collins Cmty. Serv.*, 2012 WL 4471544, at *3 (S.D.N.Y. Sept. 27, 2012) (dismissing *pro se*

2

complaint because it "recites no factual circumstances from which this Court can infer a discriminatory motivation"); *Mitchell v. Project Renewal*, 2010 WL 481348, at *3 (S.D.N.Y. Feb. 1, 2010) (same).

Here, the Court should dismiss the Amended Complaint in its entirety because it does not set forth factual allegations that plausibly suggest any entitlement to relief under the ADEA.

### III. ARGUMENT

#### A. Plaintiff's Amended Complaint Must be Dismissed In Its Entirety Because Plaintiff Has Not Alleged Sufficient Facts to State a Claim of Age Discrimination Pursuant to the ADEA

Plaintiff asserts a claim for age discrimination against Defendants under the ADEA, but he does not plead enough facts to state a claim.

To state a claim for age discrimination, a plaintiff must demonstrate that: 1) he was within the protected age group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *Deadwiley v. NYS Office of Children & Family Servs.*, 2013 WL 1653389, at *2 (E.D.N.Y. Apr. 16, 2013) (Kuntz, J.). Although a complaint need not "contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) . . . the elements of a *prima facie* case provide an outline of what is necessary to render a [plaintiff's employment discrimination] claims for relief plausible." *Sommersett v. City of New York*, No. 09 Civ. 5916 (LTS), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011). In addition, age must have been the "but-for" cause of the alleged adverse action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015); *Simpson v. MTA/New York City Transit Auth.*, 2016 WL 8711077, at *5 (E.D.N.Y. Aug. 26,

2016).

Plaintiff's sole allegations are that (1) he is 75 years old, (2) he did not have performance problems, (3) he was given no explanation for his dismissal, and (4) he believes that his manager did not give him reason because "he could not mention the fact that my age was the main reason I was fired." (Amended Compl., ECF No. 5, at 5). These allegations, however, do not plausibly give rise to an inference of discrimination to satisfy the fourth element of a *prima facie* case.

First, simply alleging that he falls within the category protected by the ADEA is insufficient to plausibly allege that age caused his termination. *See Rooney v. WHM LLC*, No. 16 CIV. 9960 (DAB), 2017 WL 3482066, at *4 (S.D.N.Y. Aug. 4, 2017) (dismissing age discrimination case because the allegation that Plaintiff was 66 "does not give rise to any inference that he was rejected *because* he was 66"); *Coleman v. brokersXpress, LLC*, 2009 WL 275474, at *3 (S.D.N.Y. Feb. 4, 2009), *aff'd*, 375 F. App'x 136 (2d Cir. 2010) (dismissing *pro se* complaint when, "put simply, [Plaintiff] alleges little more than that he is Jewish[] and that he was terminated."). This is especially true here, as Plaintiff was the same age – 75 years old – when he was hired. (Compl., ECF No. 1, at 13-14).

Second, in order to plausibly state a claim for age discrimination, Plaintiff must do more than speculate as to the reasons of his termination. Without "any circumstantial evidence of discriminatory animus other than [] differential treatment" – which doesn't even exist here – the inference that [a] difference in treatment is attributable in part to discrimination would be based on speculation rather than on evidence or a rational inference." *See Soloviev v. Goldstein,* 104 F. Supp. 3d 232, 249 (E.D.N.Y. 2015) (Kuntz, J.) (dismissing *pro se* plaintiff's age discrimination claim, in part, because he could not draw a causal connection between his termination and his age).

4

Here, Plaintiff does not provide any factual basis, except for speculation, as to why his termination is related to his age. In fact, the Court dismissed Plaintiff's initial Complaint for this reason. Plaintiff's almost identical Amended Complaint has not cured this deficiency. Accordingly, Plaintiff's Amended Complaint must be dismissed for this reason as well. *See Bohnet v. Valley Stream Union Free Sch. Dist. 13*, 30 F. Supp. 3d 174, 180 (E.D.N.Y. 2014), *aff'd,* 594 F. App'x 53 (2d Cir. 2015) (finding that plaintiff's allegations that younger people were hired for positions to which she applied was insufficient to state a claim, and noting that she failed to allege that anyone made discriminatory comments or engaged in any overt discriminatory conduct concerning her age).

In sum, because Plaintiff fails to plead sufficient facts to support his claims of discrimination, Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### B. Plaintiff's Amended Complaint Does Not State a Claim Against Defendant Frank Venice Because There Is No Individual Liability Under the ADEA

As a final matter, even if Plaintiff did state a claim for age discrimination, the individual defendant, Frank P. Venice, must still be dismissed from this case because individuals are not subject to liability under the ADEA. *See Simpson v. MTA/New York City Transit Auth.*, 2016 WL 8711077, at *5 (E.D.N.Y. Aug. 26, 2016); *McMahon v. Napolitano*, 2013 WL 1410382, at *1 (E.D.N.Y. Apr. 8, 2013).

### IV. CONCLUSION

As demonstrated above, Plaintiff's Amended Complaint lacks sufficient facts to support his conclusory allegations of discrimination. Accordingly, Defendants respectfully request entry of an order dismissing Plaintiff's Amended Complaint in its entirety with prejudice without leave

5

to replead.

Date:   January 12, 2018          /s/ Daniella Adler
        New York, New York        Daniella Adler
                                  Christine Hogan

                                  LITTLER MENDELSON
                                  A Professional Corporation
                                  900 Third Avenue
                                  New York, NY  10022.3298
                                  212.583.9600
                                  dadler@littler.com

                                  *Attorneys for Defendants*